IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CLIMATE CHANGE TRUTH INC., | No. 3:22-cv-00655-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| KATE BROWN, in her personal capacity and her official capacity of Governor of the State of Oregon; OREGON GLOBAL WARMING COMMISSION; OREGON DEPARTMENT OF ENVIRONMENT QUALITY (DEQ) | |
| Defendants. | |

HERNÁNDEZ, District Judge:

Plaintiff Climate Change Truth, Inc., a non-profit corporation, brings this action against Oregon Governor Kate Brown, the Oregon Global Warming Commission, and the Oregon Department of Environmental Quality ("DEQ"). Plaintiff is not represented by an attorney. The Complaint was filed by David White, Plaintiff's president. Plaintiff moves to proceed *in forma pauperis* [1], has filed a Motion for Appointment of Counsel [3], and has filed an application for

1 – OPINION & ORDER

*pro se* access to the Court's CM/ECF filing system [4]. For the reasons stated below, the Court denies Plaintiff's motions and dismisses this case.

## DISCUSSION

First, a business entity must be represented by a licensed attorney to appear in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (stating that although individual parties may conduct their own cases personally, the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"). 28 U.S.C. § 1654, which authorizes a natural person to litigate their case *pro se*, does not apply to corporations, including non-profit corporations. *Her Oceans v. Cmty. Outreach Behav. Servs.*, Inc., No. 1:21-cv-00198-DCN, 2021 WL 3172914, at * 1 (D. Idaho July 27, 2021). The sole named Plaintiff in this case is the business entity, Climate Change Truth, Inc. Plaintiff's Complaint was signed and filed by its president, David White, who is not a licensed attorney.[1] Thus, as pled, Plaintiff cannot proceed with this litigation.

Second, Plaintiff cannot proceed *in forma pauperis* ("IFP"). A party seeking to bring a civil action in federal court must pay a filing fee of $350. *See* 28 U.S.C. § 1914 (providing a statutory filing fee of $350).[2] A civil action may proceed without prepayment of a filing fee only if the court grants an application to proceed IFP. 28 U.S.C. § 1915(a). But the Supreme Court held in *Rowland* that IFP status is only available to natural persons and not to "artificial entities"

---

[1] In describing the parties, the Complaint states that "Plaintiffs are scientists who follow the data and no other agenda." Compl. ¶ 7. But only the business entity, Climate Change Truth, Inc., is named as a plaintiff.

[2] The District of Oregon currently requires an additional $52 administrative fee, such that the total filing fee for a new civil case is $402. U.S. Dist. Ct. Dist. Or. Fee Schedule (effective Dec. 1, 2020) (available at https://ord.uscourts.gov/index.php/filing-and-forms/fees).

such as corporations. *Rowland*, 506 U.S. at 211-12. Accordingly, Plaintiff as a non-profit corporation may not proceed IFP.

Third, the analysis in *Rowland* also applies to Plaintiff's motion for appointment of counsel. Section 1915 provides that "[t]he court may request an attorney to represent any *person* unable to afford counsel." 28 U.S.C. § 1915(e) (emphasis added). The Supreme Court in *Rowland* interpreted the word "person" in the same manner as for IFP status and cited the attorney provision of § 1915 as a basis for construing the IFP provision as not applying to corporations. *See Rowland*, 506 U.S. 201-03.

Lastly, Plaintiff's Complaint states no basis for this Court to have subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute." *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 841 (9th Cir. 2005) (internal quotation omitted). Subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). For subject matter jurisdiction to be based on diversity of citizenship, the action must be between citizens of different states with an amount in controversy of more than $75,000. 28 U.S.C. § 1332. Plaintiffs must affirmatively demonstrate the citizenship of all parties because there must be complete diversity of citizenship between the parties opposed in interest. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004).

With its filing, Plaintiff provides an Oregon address. Defendants Kate Brown, the Oregon Global Warming Commission, and Oregon DEQ are all citizens of Oregon. Thus, as pled, the Court does not have subject matter jurisdiction based on diversity of citizenship under 28 U.S.C.

§ 1332. In addition, Plaintiff's claims do not invoke a federal question. In seeking declaratory and injunctive relief, Plaintiff asserts that "the State of Oregon's cap and trade policy is the wrong solution." Compl., Prayer for Relief ¶ A. But Plaintiff does not allege violation of any federal laws and does not state the basis on which his claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## CONCLUSION

The Court DISMISSES Plaintiff's Complaint [2] without prejudice and DENIES Plaintiff's application for leave to proceed IFP [1], motion for appointment of counsel [3], and application for CM/ECF registration as a self-represented party [4]. Plaintiff may file an amended complaint, curing all deficiencies noted above, within 30 days of this Opinion & Order. The Clerk shall not issue the summons without direction from the Court.

IT IS SO ORDERED.

DATED:_____May 11, 2022_____.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge